**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4958**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

CASEY COLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:09-cr-00405-DKC-1)

Submitted: September 21, 2011    Decided: September 29, 2011

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory Stuart Smith, LAW OFFICES OF GREGORY S. SMITH, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Adam K. Ake, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Casey Coley of distribution of benzylpiperazine ("BZP"), in violation of 21 U.S.C. § 841(a) (2006); distribution of marijuana, in violation of 21 U.S.C. § 841(a); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). The district court sentenced Coley to fifty-one months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Coley first argues that the Government withheld exculpatory evidence in violation of its obligations under Brady v. Maryland, 373 U.S. 83 (1963). We review an alleged Brady violation de novo. United States v. Caro, 597 F.3d 608, 616 (4th Cir. 2010).

"In Brady, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'" Id. at 619 (citing Brady, 373 U.S. at 87). In order to establish a Brady violation, Coley must demonstrate that the evidence at issue is favorable to him, either because it is exculpatory or impeaching; the evidence was suppressed by the Government; and he was prejudiced by that suppression. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Favorable evidence is material if the defendant can demonstrate that there is a reasonable probability

2

that, had the evidence been disclosed, the outcome of the proceeding would have been different. Caro, 597 F.3d at 619. We have thoroughly reviewed the record and conclude that Coley has failed to "satisfy Brady's requirement of showing that the requested evidence would be favorable to him." Id. (internal quotation marks, alteration, and citations omitted).

Coley next argues that the district court abused its discretion in refusing to give some of his proposed jury instructions on the defense of entrapment. "'The decision to give or not to give a jury instruction is reviewed for an abuse of discretion.'" United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (quoting United States v. Moye, 454 F.3d 390, 398 (4th Cir. 2006) (en banc)). "'We review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law.'" Id. (quoting Moye, 454 F.3d at 398).

Moreover, "[a] district court commits reversible error in refusing to provide a proffered jury instruction only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Lighty, 616 F.3d 321, 366 (4th Cir.), cert. denied, 131 S. Ct. 846 (2010). We

3

conclude that Coley has failed to demonstrate that the district court's charge to the jury on entrapment did not fairly cover his requested instructions. Accordingly, the district court did not abuse its discretion in refusing the requested instructions.

Coley also argues that the district court erred in refusing his instruction defining reasonable doubt and that this issue should be reviewed de novo. Coley's arguments, however, are foreclosed by our binding precedent. See Lighty, 616 F.3d at 380. As one panel of this court may not overrule another panel, see Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002), Coley's arguments must fail.

Coley next argues that the district court's admission of recordings of transactions between Coley and a confidential informant violated his Sixth Amendment rights. "The Sixth Amendment to the United States Constitution . . . provides that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527, 2531 (2009) (internal quotation marks and citation omitted). The Confrontation Clause "guarantees a defendant's right to confront those 'who bear testimony' against him," and, therefore, a witness' testimony is "inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." Id. (quoting

4

Crawford v. Washington, 541 U.S. 36, 51, 54 (2004)) (internal quotation marks omitted).

However, "[t]he [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." Crawford, 541 U.S. at 59 n.9 (citing Tennessee v. Street, 471 U.S. 409, 414 (1985)). Here, the district court correctly concluded that the informant's statements on the recordings were not admitted to prove the truth of the matters asserted. Rather, the statements "were admissible to put [Coley's] admissions on the tapes into context, making the admissions intelligible for the jury." United States v. Tolliver, 454 F.3d 660, 666 (4th Cir. 2006) (finding defendant's statements in recorded transaction with informant admissible as admissions, and informant's statements admissible as not offered for their truth).

Coley's penultimate argument is that the district court erred in denying his motion to dismiss the charges in the indictment related to BZP. We review a district court's denial of a motion to dismiss an indictment de novo where the denial depends only on a question of law. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not err in denying Coley's motion to dismiss.

Coley finally posits that the district court erred in including acquitted conduct in calculating the advisory Guidelines range. However, as Coley's argument is foreclosed by United States v. Perry, 560 F.3d 246 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009), it also must fail. See Scotts, 315 F.3d at 271 n.2.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED